CLAY, Circuit Judge, concurring.
I concur in the judgment and, for the most part, in the opinion's analysis, but I *758 do not entirely agree with the majority's suggestion that we cannot, under appropriate circumstances, modify or dispense with documents that are "part of our living history and witness to the evolution of our cultural norms." Justice may require us to repudiate or revise elements of our "living history" if those elements-whether they be public records, flags, or statutes-are shown to encourage or perpetuate discrimination or the badges and incidents of slavery; indeed, racial epithets that were once accepted as commonplace have not been preserved, and they have sometimes been stricken from our modern vernacular. We apply an even stricter standard where, as here, the government is the source of, or has ratified, language that has the purpose or effect of encouraging racial animus. We need not erase our history in order to disarm its harmful legacy, but victims of invidious discrimination who have suffered particularized injury as a result of the application of historical language should be able to seek redress, consistent with the context and the factual circumstances of their cases.
I also fear that the majority's statement that "Mason's discomfort at the expression of historical language does not create particularized injury" could be misunderstood or taken out of context to suggest that feelings of discomfort with racially discriminatory language could never create a cognizable injury. I do not, however, read the majority opinion as foreclosing a properly pleaded claim arising out of such racially discriminatory language, especially under circumstances that implicate governmental instrumentalities. Rather, I read the opinion to hold that the plaintiff in this action has simply failed to plead sufficient facts to demonstrate a legally cognizable injury. If and when a plaintiff shows such an injury, this Court will have to reconcile the importance of maintaining our recorded history with our vision of government speech that promotes-not hinders-a free and equal society. I do, however, respectfully concur.